JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS AGUIRRE,<br><br>                  Plaintiff,<br><br>     v.<br><br>CAL-WESTERN RECONVEYANCE CORPORATION, et al.,<br><br>                  Defendants. | Case No. 2:11-cv-06259-ODW (JEMx)<br><br>**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

      Plaintiff Carlos Aguirre's Second Amended Complaint ("SAC") alleges that this Court has federal question jurisdiction over his SAC; however, Plaintiff's SAC has discarded all of the federal claims contained in his original and First Amended Complaints. Accordingly, on June 26, 2012, the Court issued an Order to Show Cause why this case should not be dismissed for lack of subject matter jurisdiction. (ECF No. 39.) The Court has received Plaintiff's response and determines that it does not have subject matter jurisdiction over this action. Accordingly, this case is **DISMISSED**.

      Federal courts are courts of limited jurisdiction without general subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts can adjudicate only those cases which the Constitution and Congress

authorize them to adjudicate. *See id.* Federal courts therefore are presumptively without jurisdiction over civil actions, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *KVOS v. Associated Press*, 299 U.S. 269, 278 (1936). Thus, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) ("Although [defendant] failed to move to dismiss under Federal Rule of Civil Procedure 12(b)(1), federal courts are required sua sponte to examine jurisdictional issues such as standing." (internal quotation marks and alterations omitted)). And in order to sustain federal jurisdiction, a complaint must allege a claim under the Constitution or relevant federal statute and must not be made solely for the purpose of obtaining federal jurisdiction. *Bell v. Hood*, 327 U.S. 678, 682–83 (1946).

Plaintiff's SAC alleges at the outset that this Court "has jurisdiction under 28 U.S.C. §1331 (federal question); 15 U.S.C. §1601, et seq [*sic*] (TILA); 15 U.S.C. § 1692, Fair Debt Collection Practices Act; 12 U.S.C. §2601 (RESPA); 28 U.S.C. § 1367 (Supplemental Jurisdiction) and the Home Ownership and Equity Protection Act ("HOEPA") 12 U.S.C §1461 et seq." (SAC ¶ 17.) Despite paying lip service to federal question jurisdiction in this fashion, Plaintiff fails to allege any federal claims in the SAC; instead, Plaintiff's SAC alleges claims for (1) wrongful foreclosure; (2) fraud; (3) quiet title; and (4) declaratory relief. Indeed, outside the statement of jurisdiction, Plaintiff fails to invoke any statutes whatsoever, federal or otherwise. Replete with conclusory claims lacking any statutory support, Plaintiff's SAC falls short of demonstrating a federal question.

Plaintiff's response to the Court's OSC urges that the Court has jurisdiction over this case under 42 U.S.C. §1983, as he

> alleges that Defendants were acting under color of state law and violated Plaintiff's rights secured by the United States Consutitution and the laws of the United States—by foreclosing with no right and authority; and by

filing defective and fraudulent documents with the Los Angeles County Recorders [*sic*] office, engaging in felonious acts.

(ECF No. 41, at 3.) But Plaintiff has sued only private actors. "Because § 1983 and the Fourteenth Amendment are directed at the states, [§1983] supports a claim only when the alleged injury is caused by 'state action' and not by a merely private actor . . . ." *Jenson v. Lane County*, 222 F.3d 570, 574 (9th Cir. 2000). Accordingly, §1983 does not confer federal question jurisdiction over Plaintiff's state-law claims asserted against private actors.

The Court also anticipated that Plaintiff may alternatively attempt to establish diversity jurisdiction under 28 U.S.C. § 1332 but noted that there did not appear to be complete diversity between the parties (particularly Cal-Western Reconveyance Corporation). While Plaintiff makes an effort in his response to the Court's OSC to establish the citizenship of Wells Fargo Bank and Wachovia Mortgage, Plaintiff failed to address the Court's concerns over Cal-Western Reconveyance. The Court therefore remains unconvinced that diversity jurisdiction exists in this case.

For these reasons, the Court finds that it lacks jurisdiction over this case. This action is therefore **DISMISSED**. The July 16, 2012 hearing on Wells Fargo's Motion to Dismiss (ECF No. **33**) (in which Cal Western Reconveyance joins (ECF No. **37**) and Motion to Strike (ECF No. **35**) and the August 20, 2012 Scheduling Conference are **VACATED**, and no appearances are necessary.

**IT IS SO ORDERED.**

July 5, 2012

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

3